922 F.2d 843
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William F. RICHARD, Defendant-Appellant.
 No. 90-1301.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 13, 1990.
Decided Jan. 4, 1991.
Rehearing Denied March 14, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 William F. Richard, convicted of committing two bank robberies, contends that his trial counsel rendered ineffective assistance by failing to seek a severance under Fed.R.Crim.P. 14 and neglecting to inquire further into fingerprints. The case is on direct appeal; there is no significant record concerning why trial counsel did as he did. Strickland v. Washington, 466 U.S. 668 (1984), gives counsel (and thus the judgment) the benefit of the doubt. Vacant records routinely lead to the conclusion that counsel's deeds did not fall below minimum professional standards.
 
 
 2
 Richard believes that counsel should have sought a severance. Yet Fed.R.Crim.P. 8(a) allows an indictment to join offenses of "the same or similar character", which describes two bank robberies. United States v. L'Allier, 838 F.2d 234, 240-41 (7th Cir.1988). Rule 14 commits severance to the discretion of the district court, and even in retrospect appellate counsel points to nothing that would have made the denial of such a motion an abuse of discretion. Counsel need not make doomed motions in order to avoid a charge of ineffective assistance.
 
 
 3
 The other charge laid at counsel's doorstep is that he did not elicit for the jury that the FBI's fingerprint expert could not link to Richard prints from the Home Federal Savings and Loan Association of Rockford and the car he commandeered to make his getaway. We do not know why counsel made this decision, but the prosecutor speculated at oral argument that it has to do with the reason the FBI could not identify the prints: it lifted palm rather than finger prints from the surfaces, and it did not possess Richard's palm prints. Had counsel opened up the subject, the court undoubtedly would have required Richard to submit palm prints for analysis, with the risk of sinking his case. The most counsel could have obtained from the inquiry is an admission that Richard's prints did not appear. Many things frustrate fingerprint identification without exculpating a suspect; counsel had little to gain and much to lose by opening the inquiry. We cannot say that counsel's decision was outside the bounds of professional assistance.
 
 
 4
 Finally, Richard objects to the testimony of Josan Patino, an acquaintance (and the getaway driver for the second robbery) who was allowed to identify Richard as the robber depicted in the bank surveillance photos of the first robbery. Richard points out that Patino was not involved in that offense and was not qualified as an expert in identification. Both are true, but under United States v. Towns, 913 F.2d 434, 445 (7th Cir.1990) (collecting authority); United States v. Jackson, 688 F.2d 1121 (7th Cir.1982), lay witnesses are competent to identify the persons in photographs if doing so will assist the jury. The district judge did not abuse his discretion in admitting this evidence.
 
 
 5
 AFFIRMED.